IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JUSTIN L. FLETCHER, 08958-030,**

    **Petitioner,**

v.

**WENDY ROAL, Warden,**
**USP MARION,**

    Respondent.                          Case No. 12-cv-00030-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is petitioner Justin L. Fletcher's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging the Bureau of Prisons' ("BOP") decision to limit his residential reentry center (RRC) placement to 120 days. The petitioner is currently serving a sentence of 20 months imprisonment for the offense of possession of child pornography (18 USC § 2252), following his December 15, 2010, conviction in the Southern District of Iowa. The petitioner's projected release date is September 13, 2012.

    While the petitioner was confined at the United States Penitentiary in Marion, Illinois ("USP Marion"), the petitioner's unit team reviewed his request for RRC placement and recommended a placement range of 1-120 days. On June 20, 2011, the petitioner requested additional RRC placement per the Second Chance Act. The petitioner's request for additional RRC placement was denied on

June 23, 2011.  The petitioner filed a Regional Administrative Remedy Appeal which was denied on July 19, 2011.  Thereafter, the petitioner filed this action naming as Respondent Wendy Roal, the warden of USP Marion.[1]

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[2]

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered.  This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion, or timeliness arguments it may wish to present.  Service upon the United States Attorney for the Southern District of

---

[1] The Court notes that, shortly after the filing of this action, the petitioner was transferred from USP Marion to a prison outside this judicial district, the CCM in Kansas City, Kansas, where the BOP's online inmate locator system confirms, the petitioner currently remains confined.  Usually, a prisoner's immediate custodian is the only proper respondent to a petition under 28 U.S.C. § 2241.  *See al-Mari v. Rumsfeld*, 360 F.3d 707, 712 (7th Cir. 2004).  The fact that the petitioner has been transferred outside this district does not affect the Court's jurisdiction, given that when his petition was filed, Wendy Roal, his custodian at the time, was within this district.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 440, 124 S.Ct . 2711, 159 L.Ed.2d 513 (2004) (*citing Ex parte Mitsuye Endo*, 323 U.S. 283, 306, 65 S.Ct. 208, 89 L.Ed. 243 (1944).  *See also Harris v. Warden*, 425 F.3d 386, 389 (7th Cir. 2005) (resolving 2241 petition and stating that the "identity of the custodian and the location of the litigation concern venue and personal jurisdiction, rather than subject-matter jurisdiction").  The Court merely notes that the warden of CCM Kansas is now the petitioner's immediate custodian.  The Court will leave it to the parties to seek appropriate substitution.  *See Harris v. Warden*, 425 F.3d 386, 389 (7th Cir. 2005) (indicating that the government should have made the "appropriate substitution" when a prisoner with a habeas corpus petition pending in this Court was transferred out of this district).

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

Signed this 4th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.04 17:30:21 -05'00'

**Chief Judge**
**United States District Court**