IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUSTIN L. FLETCHER,

Petitioner,

v.

WENDY ROAL,

Respondent.                              No. 12-cv-00030-DRH-PMF

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

On January 12, 2012, Justin Fletcher filed a Section 2241 petition for a writ of habeas corpus (Doc. 1). Fletcher argues that the committee that reviewed the recommendation of his custody status failed to give meaningful consideration to specific criteria. On October 4, 2012, respondent Wendy Roal filed a response (Doc. 6) reporting that Fletcher was transferred to a halfway house on June 16, 2012 and released from confinement on September 13, 2012; thus his petition is moot.

On February 25, 2013, pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Philip M. Frazier submitted a Report and Recommendation ("R&R") recommending that the Court deny Fletcher's petition for mootness.

The R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" by March 14, 2013. To date, none of the parties have filed objections, and the period in which to file objections has

expired.[1]  Therefore, pursuant to 28 U.S.C. § 636(b), this Court need not conduct *de novo* review.  *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985).

Thus. the Court **ADOPTS** the R&R in its entirety (Doc. 8).  The Court **DENIES** the petition as moot.

**IT IS SO ORDERED.**

Signed this 29th day of August, 2013.

Digitally signed by David R. Herndon
Date: 2013.08.29 15:08:28 -05'00'

**Chief Judge**
**United States District Court**

---

[1] On February 26, 2013, the R&R was sent to Fletcher.  On March 11, 2013, the mail was returned as undeliverable, which the Court infers is an indication that petitioner has moved.  The Court notes that Fletcher has not complied with SDIL-LR3.1(b), which states, "All petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location.  This shall be done in writing and not later than 7 days after a transfer or other change of address occurs."